**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | | |
|---|---|---|
| Nationwide Property & Casualty Insurance Company,<br><br>Plaintiff,<br>vs.<br><br>Patrick Lindmark, individually and as personal representative of the Estate of Paige Morrow, Lori Morrow, Madison Morrow, Robert Mahany, and Steven Berg,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 8:22-cv-03223-DCC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS AGAINST PLAINTIFF**<br><br>**(Non-jury)** |

Defendants Patrick Lindmark, individually and as personal representative of the Estate of Paige Morrow, Lori Morrow, Madison Morrow, Robert Mahany, and Steven Berg (hereinafter collectively "Defendants"), answering the Complaint of Plaintiff, would respectfully allege and show as follows:

## FOR A FIRST DEFENSE

1. Upon information and belief, Defendants admit the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Paragraph 8 of Plaintiff's Complaint states a legal conclusion to which no response is required from Defendants. To the extent that a response is required, Defendants admit that Plaintiff has brought this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that there is a real or justiciable controversy between the parties, and that Plaintiff seeks a declaration from the Court. Defendants deny that Plaintiff is entitled to the declaration it seeks and denies all remaining and inconsistent allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Paragraph 9 of Plaintiff's Complaint states a legal conclusion to which no response is required from Defendants. To the extent that a response is required, Defendants do not contest venue in this Division and Court at this time.

10. Defendants admit the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Paragraph 11 of Plaintiff's Complaint states a legal conclusion to which no response is required from Defendants. To the extent that a response is required, Defendants do not contest this Court's jurisdiction at this time.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. In response to Paragraph 13, Defendants also crave reference to the Nationwide Policy with respect to any references to the language of the policy, but, as set forth herein, Defendants deny that certain terms, conditions, and provisions in the policy are applicable or enforceable, as they are void as against South Carolina public policy.

14. In response to Paragraph 14, Defendants crave reference to the Nationwide Policy with respect to any references to the language of the policy, but, as set forth herein, Defendants

deny that the quoted terms, conditions, and provisions in the policy are applicable or enforceable, as they are void as against South Carolina public policy.

15. Defendants admit the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. In response to Paragraph 22 of the Plaintiff's Complaint, Defendants repeat and reallege each and every one of the allegations set forth above as if set forth herein verbatim.

23. In response to Paragraph 23 of the Plaintiff's Complaint, Defendants crave reference to the language of the Nationwide policy and deny any allegations inconsistent with the language therein. Defendants further deny that that these terms as defined in the policy are applicable or enforceable, as they are void as against South Carolina public policy.

24. In response to Paragraph 24 of the Plaintiff's Complaint, Defendants crave reference to the language of the Nationwide policy and deny any allegations inconsistent with the language therein. Defendants further deny that that the term "underinsured watercraft" as defined in the policy is applicable or enforceable, as the language is void as against South Carolina public policy.

25. Defendants admit the allegations set forth in Paragraph 25 of the Plaintiff's Complaint.

26. Defendants admit the allegations set forth in Paragraph 26 of the Plaintiff's Complaint.

27. In response to Paragraph 27 of the Plaintiff's Complaint, Defendants admit that the liability limits for the Checkmate speed boat were $100,000 per occurrence and that the Nationwide policy has underinsured boaters coverage limits of $100,000 each accident. Defendants deny that the speed boat does not qualify as an "underinsured watercraft," as the definition set forth in the policy is void as against South Carolina public policy.

28. Defendants admit the allegations set forth in Paragraph 28 of the Plaintiff's Complaint.

29. In response to Paragraph 28 of the Plaintiff's Complaint, Defendants admit that the liability limits for the pontoon boat were $500,000 and that the Nationwide policy has underinsured boaters coverage limits of $100,000 each accident. Defendants deny that the pontoon boat does not qualify as an "underinsured watercraft," as the definition set forth in the policy is void as against South Carolina public policy.

30. Defendants admit the allegations set forth in Paragraph 30 of the Plaintiff's Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Plaintiff's Complaint, as the definition of the term "underinsured watercraft" in the policy is void as against South Carolina public policy.

32. Defendants deny the allegations set forth in Paragraph 32 of the Plaintiff's Complaint.

33. In response to Paragraph 33 of the Plaintiff's Complaint, Defendant repeat and reallege each and every one of the allegations set forth above as if set forth herein verbatim.

34. In response to Paragraph 34 of the Plaintiff's Complaint, Defendants crave reference to the language of the Nationwide policy and deny any allegations inconsistent with the language therein. Defendants further deny that that the term "underinsured watercraft" as defined in the policy is applicable or enforceable, as the language is void as against South Carolina public policy.

35. Defendants admit the allegations set forth in Paragraph 35 of the Plaintiff's Complaint.

36. Defendants admit the allegations set forth in Paragraph 36 of the Plaintiff's Complaint.

37. Defendants admit the allegations set forth in Paragraph 37 of the Plaintiff's Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Plaintiff's Complaint with respect to the definition of "underinsured watercraft" set forth in the policy, as it is void as against public policy.

39. In response to Paragraph 39 of the Plaintiff's Complaint, Defendants repeat and reallege each and every one of the allegations set forth above as if set forth herein verbatim.

40. Paragraph 40 of the Plaintiff's Complaint states a legal conclusion that does not require a response from Defendants. To the extent that a response is required, Defendants admit that the policy provides underinsured boaters coverage for the September 5, 2021 wreck.

41. In response to Paragraph 41 of the Plaintiff's Complaint, Defendants crave reference to the language of the Nationwide policy and deny any allegations inconsistent with the language therein. Defendants further deny that that the exclusion stating "[t]he insuring of more than one person or watercraft under this policy does not increase our payment limits," is applicable or enforceable, as the language is void as against South Carolina public policy.

42. Defendants deny the allegations set forth in Paragraph 42 of the Plaintiff's Complaint.

43. Defendants deny the allegations set forth in Paragraph 43 of the Plaintiff's Complaint, including the WHEREFORE paragraph, those being the remaining allegation set forth in the Plaintiff's Complaint.

44. Defendants deny each and every allegation of Plaintiff's Complaint not specifically admitted or modified hereinabove.

**FOR A SECOND DEFENSE AND BY WAY OF COUNTERCLAIM AGAINST NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY**

45. Defendants repeat and reallege each and every one of the allegations set forth above as if set forth herein verbatim.

46. Plaintiff Nationwide Property & Casualty Company (hereinafter "Nationwide") is an insurer organized and existing pursuant to the laws of the State of Ohio with its principal place of business in the State of Ohio. Plaintiff is authorized to sell insurance and does sell insurance in South Carolina.

47. Defendant Patrick Lindmark is the surviving partner of the decedent, Paige

Morrow. On December 2, 2021, he was duly appointed as personal representative of the Estate of Paige Morrow by the Probate Court of Jackson County, Missouri. Patrick is also a citizen and resident of Missouri.

48. Defendant Lori Morrow is a citizen and resident of Pickens County, South Carolina.

49. Defendant Steve Berg is a citizen and resident of Pickens County, South Carolina.

50. Defendant Madison Morrow is a citizen and resident of Virginia.

51. Defendant Robert Mahany is a citizen and resident of Virginia.

52. Venue is proper in this Division and this Court pursuant to 28 U.S.C. § 1391(b)(2).

53. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1).

54. On September 5, 2021 the decedent, Paige Morrow; her boyfriend and partner, Patrick Lindmark; her mother, Lori Morrow; her sister, Madison Morrow; Madison's boyfriend, Robert Mahany; and Steve Berg, were riding on a 2015 Bennington pontoon boat on Lake Keowee in Oconee County, South Carolina and were on their way back from Jocassee Dam to Mr. Berg's residence in Sunset, South Carolina.

55. Defendants entered a channel on Lake Keowee that curved to the right, navigating the boat near the shoreline. When coming around the curve, a Checkmate speed boat owned by Ramon Rodriguez and piloted by Haley Moore began travelling toward Defendants' boat, approaching them head on. The Checkmate boat directly impacted the port side of the pontoon, hitting the precise location where Paige was seated.

56. Paige succumbed to her injuries from the wreck, and the other Defendants suffered damages, including bystander damages.

57. The 2015 Bennington pontoon boat was insured by Nationwide under a pleasure boatowners policy, Policy No. BTPC006761947 with effective dates of June 19, 2021 to June 19,

2022. The Nationwide policy provides a $500,000 each accident liability limit. The policy also includes two other insured watercraft, a 2017 Sea-Doo and a 2018 Sea-Doo. The policy provides a $100,000 each accident underinsured boaters limit.

58. The Checkmate speed boat involved in the wreck was insured under a GEICO policy with a $100,000 per occurrence liability limit.

59. All Defendants, other than Steve Berg, have filed suit in a case, which is currently pending in the Oconee County, South Carolina Court of Common Pleas captioned *Patrick Lindmark, individually and as the Personal Representative of the Estate of Paige E. Morrow, Lori Morrow, Madison Morrow, and Robert Mahany*, C/A No. 2022-CP-37-00634.

60. Defendants contend that under the Nationwide policy, the $100,000 per occurrence underinsured boaters coverage on Mr. Berg's pontoon boat is available in this case.

61. Because there were two other watercraft on the policy (the 2017 Sea-Doo and the 2018 Sea-Doo), Defendants contend that because of the South Carolina law on "stacking" underinsured coverages, there is an additional $200,000 in underinsured boaters coverage available, for a total of $300,000 in underinsured boaters coverage.

62. Defendants have demanded that Nationwide tender this $300,000 in underinsured boaters coverage, but to date Nationwide has denied coverage and has now instituted this action.

63. Nationwide alleges that neither the Checkmate speed boat nor the 2015 Bennington pontoon meet the definition of "underinsured watercraft" under the Nationwide policy because the limits of liability insurance on each of those vessels is $100,000 or more and therefore not less than the $100,000 per accident limits provided by the Nationwide underinsured boaters coverage. Nationwide alleges that the September 5, 2021 wreck did not involve an "underinsured watercraft" as defined by the Nationwide policy and claims there is no coverage.

64. Nationwide further alleges that because the policy states, “The insuring of more than one person or watercraft under this policy does not increase our payment limits,” the underinsured boaters coverage on the 2017 Sea-Doo and 2018 Sea-Doo cannot be stacked under the Nationwide policy.

65. Each of the provisions relied on by Nationwide to deny underinsured boaters coverage and the stacking of that coverage is contrary to South Carolina public policy and therefore void and unenforceable.

66. It is contrary to established South Carolina public policy for an insurer to offset the amount an insured can recover under his or her underinsured coverage by the amount of the liability coverage held by the at-fault driver or vehicle. South Carolina requires that any underinsured coverage be “excess” coverage as opposed to “reduction” coverage, meaning that the amount of liability insurance on the underinsured vehicle does not reduce the amount of underinsured coverage available.

67. It is contrary to established South Carolina public policy for any insurer to contractually prohibit the stacking of underinsured coverage.

68. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, there is a real or justiciable controversy between the parties, and Defendants ask the Court for a declaration that:

a. The definition of “underinsured watercraft” in the Nationwide policy, which seeks to offset and reduce the amount an insured can recover under the underinsured boaters coverage by the amount of the liability coverage on the underinsured watercraft, is void and unenforceable under South Carolina public policy;

b. The $100,000 in underinsured boaters coverage on the 2015 pontoon is available to

Defendants for the September 5, 2021 crash;

c. The provision of the Nationwide policy, which states, "The insuring of more than one person or watercraft under this policy does not increase our payment limits," is void and unenforceable under South Carolina public policy, as it seeks to contractually preclude the stacking of underinsured coverage; and

d. The $100,000 per accident underinsured boaters coverage on the 2017 and 2018 Sea-Doos, which are both insured under the Nationwide policy, is allowed to be stacked, and $300,000 total in underinsured boaters coverage is available to Defendants for the September 5, 2021 crash.

WHEREFORE, the Defendants pray for judgment against the Plaintiff and for a declaration that:

a. The definition of "underinsured watercraft" in the Nationwide policy, which seeks to offset and reduce the amount an insured can recover under the underinsured boaters coverage by the amount of the liability coverage on the underinsured watercraft, is void and unenforceable under South Carolina public policy;

b. The $100,000 in underinsured boaters coverage on the 2015 pontoon is available to Defendants for the September 5, 2021 crash;

c. The provision of the Nationwide policy, which states, "The insuring of more than one person or watercraft under this policy does not increase our payment limits," is void and unenforceable under South Carolina public policy, as it seeks to contractually preclude the stacking of underinsured coverage;

d. The $100,000 per accident underinsured boaters coverage on the 2017 and 2018 Sea-Doos, which are both insured under the Nationwide policy, is allowed to be stacked, and

$300,000 total in underinsured boaters coverage is available to Defendants for the September 5, 2021 crash; and

e. Such other and further relief as the Court deems just and proper.

White, Davis & White Law Firm, P.A.

s/James A. Bradshaw____________________
Kyle J. White
Drew Bradshaw
209 East Calhoun Street
Post Office Box 1346
Anderson, SC 29621
(864) 231-8090
kyle@wdwlawfirm.com
drew@wdwlawfirm.com

Attorneys for the Defendants Patrick Lindmark, individually and as personal representative of the Estate of Paige Morrow, Lori Morrow, Madison Morrow, and Robert Mahany

Thomason & Pracht, LLP

s/J. Christopher Pracht____________________
J. Christopher Pracht
William A. Maxey
Kerrison Schmutz
303 E. Greenville Street
Anderson, SC 29621
Telephone: 864-226-7222
Facsimile: 864-226-7224

Attorneys for Defendant Steve Berg

November 22, 2022
Anderson, South Carolina